```
IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
       DIVISION OF ST. THOMAS AND ST. JOHN
```

| | |
|---|---|
| **KEVIN BENJAMIN WHITE,** | ) **D.C. CV. No. 2003-168** |
| Petitioner, | ) |
| | ) Ref: CR. No. 2000-029 |
| v. | ) |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| Respondent. | ) |
| _____ | ) |

**Copies to:**
       Geoffrey W. Barnard, Magistrate Judge
       Kevin White #05408-094, F.C.I. Gilmer, P.O. Box 6000,
              Glenville, WV 26351 (Please Mark: "LEGAL MAIL: OPEN IN
              PRESENCE OF INMATE ONLY")
       United States Attorney

```
MEMORANDUM OPINION AND ORDER
```

**FINCH, J.,[1]**

       This matter is before the Court on *pro se* Petitioner Kevin
White's ("White" or "Petitioner") motion to vacate, set aside, or
correct his sentence under 28 U.S.C. § 2255.


**I.     FACTS AND PROCEDURAL HISTORY**

       Insofar as this opinion is written solely for the parties,
only those facts pertinent to this discussion will be recited.
Following the December 28, 1999 robbery of America's Bar and
Poolroom in St. Thomas, U.S. Virgin Islands, Petitioner and a co-
defendant, Ira Haywood, were charged in a ten-count superseding

---

[1]     The Honorable Curtis V. Gomez is recused from this matter.

*White v. USA*
D.C. CV. NO. 2003-168
Mem. Op. & Order
Page 2

indictment.[2]   Petitioner testified in his own defense, and he denied any involvement in the robbery.

Petitioner was convicted of interference with commerce by robbery (Count 1); possession of a shotgun during and in relation to a crime of violence in violation of United States Law (Count 3); robbery in the first degree (Count 4); possession of a shotgun during and in relation to a crime of violence in violation of Virgin Islands law (Count 6); and possession of a firearm within a school zone (Count 7).  On appeal to the Court of Appeals for the Third Circuit ("Court of Appeals"), Petitioner challenged the sufficiency of the evidence to support his convictions.  More specifically, on Count Six (6), he argued that there was insufficient evidence that he was not licensed to carry a firearm, and on Counts One (1), Three (3), Four (4) and Seven (7) that there was insufficient evidence linking him to the crimes.  On June 14,

---

[2]    The March 2002 superseding indictment charged White and Haywood with the following offenses:  Count One charged both Haywood and White with interference with commerce, in violation of 18 U.S.C. §§ 1951 and 2; Count Two charged Haywood with possession of a firearm during the commission of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1) and 2; Count Three charged White with possession of a short barreled shotgun during (and in relation to) a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1) and 2; Count Four charged both with robbery in the first degree, in violation of 14 V.I.C. §§ 1862(2) and 11; Count Five charged Haywood with possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B); Count Six charged White with possession of a shotgun during (and in relation to) a crime of violence, in violation of 14 V.I.C. § 2253(a); Count Seven charged both with possession of a firearm within a thousand feet of a school, in violation of 18 U.S.C. §§ 922(q)(2)(A) and 2.  Counts Eight, Nine and Ten charged Haywood with separate offenses occurring before the robbery of the bar.  Those counts were severed and subsequently dismissed without prejudice.

*White v. USA*
D.C. CV. NO. 2003-168
Mem. Op. & Order
Page 3

2002, the Court of Appeals affirmed White's conviction and sentence

stating:

> As to Count 6 . . . [v]iewing the facts in the light
> most favorable to the verdict, a reasonable juror could
> infer that Mr. White was not licensed to carry a gun on
> December 28, 1999.  If nothing else, he apparently admits
> to not being licensed as of December 18, 1999, and it is
> unlikely that he became licensed over the next ten days.
>
> We need not overturn the verdict simply because Mr.
> White's version could be true unless no reasonable fact
> finder could find otherwise.
>
> We also believe that there was sufficient evidence
> to support Mr. White's convictions on Counts 1, 3, 4 and
> 7.  Mr. White argues that no evidence links him to the
> robbery and that the taxi driver did not identify him as
> the robber.  However, the police did chase a green
> vehicle which the taxi driver understood to contain the
> suspects he had observed prior to and after the robbery.
> Mr. White was in that vehicle with a shotgun, ammunition,
> ski mask, gloves and money.  The evidence is enough for
> a reasonable juror to find Mr. White guilty beyond a
> reasonable doubt.

*United States v. White*, 36 Fed. Appx. 504 (3d Cir.), *cert. denied*,

537 U.S. 984 (2002).  This timely motion under 28 U.S.C. § 2255

followed.


## II.  DISCUSSION

### A.  Issues

In this motion under 28 U.S.C. § 2255, White again argues that

there was insufficient evidence to support his convictions.  (Mem.

of Law in Support of § 2255 Mot. at 3-4.)  As a preliminary matter,

*White v. USA*
D.C. CV. NO. 2003-168
Mem. Op. & Order
Page 4

the Court of appeals has already addressed the sufficiency of the evidence on direct appeal, and affirmed White's conviction.  This § 2255 motion does not afford White an opportunity to relitigate those issues, or any other issues that could have been raised on direct appeal.  A Section 2255 motion is not a substitute for a direct appeal and serves only to protect a petitioner from a violation of the constitution or from a statutory defect so fundamental that a complete miscarriage of justice has occurred. *See Reed v. Farley*, 512 U.S. 339, 348 (1994); *United States v. Frady,* 456 U.S. 152, 165 (1982); *United States v. Cepero*, 224 F.3d 256, 267 (3d Cir. 2000).

White also argues that he was denied his Sixth Amendment right to effective assistance of counsel, and that the arguments he now raises were not presented earlier due to his counsel's deficient performance of direct review.[3]  He specifically alleges:

> 1.  That he was denied ineffective assistance of counsel during: (a) the pretrial investigation which would have uncovered evidence of innocence; and (b) trial counsel's conduct was deficient and so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just and fair result.

> 2.  Counsel was ineffective on appeal in failing to make a good-faith effort to discover potential errors that might arguably support a reversal, and failed to argue "significant and obvious" issues which may have

---

[3]    Petitioner was represented at trial, sentencing and on direct appeal by Assistant Federal Public Defender Patricia Schrader-Cooke, Esq.

*White v. USA*
D.C. CV. NO. 2003-168
Mem. Op. & Order
Page 5

resulted in a reversal of petitioner's conviction.

3. Lastly, in a supplemental filing, White argues that his sentence was enhanced by facts not found by the jury in violation of the holding in *Blakely v. Washington*, 542 U.S. 296 (2004).

**B.   Standards of Review**

Section 2255 permits a court to afford relief "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255.

To prevail on this § 2255 motion alleging constitutional error, White must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *See Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *see also Petersen v. United States*, No. CV. 1998-066, 2003 WL 22836477, at *2 (D.V.I. Nov. 24, 2003).  Even an error that may justify a reversal on direct appeal will not necessarily sustain a collateral attack. *See United States v. Addonizio,* 442 U.S. 178, 184-85 (1979).  Moreover, "given the myriad safeguards provided to assure a fair trial, and taking into account the reality of the human fallibility of the participants, there can be no such thing as an error-free, perfect trial, and . . . the Constitution does

*White v. USA*
D.C. CV. NO. 2003-168
Mem. Op. & Order
Page 6

not guarantee such a trial." *United States v. Hasting*, 461 U.S. 499, 508-09 (1983).

Sixth Amendment claims of ineffective assistance of counsel should ordinarily be raised in collateral proceedings pursuant to 28 U.S.C. § 2255 rather than on direct appeal. *See, e.g., United States v. Jake*, 281 F.3d 123, 132 n.7 (3d Cir. 2002). Where, as here, the record is sufficient to allow a determination of ineffective assistance of counsel, an evidentiary hearing to develop the facts is not needed. *See, e.g., United States v. Headley*, 923 F.2d 1079, 1083 (3d Cir. 1991); *see also* Rules Governing Section 2255 Proceedings, Rule 8.

To prevail on a claim of ineffective assistance of counsel, White must satisfy the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). First, he must show that, considering the facts of the case, his counsel's challenged actions were unreasonable. *Id.* at 690. The Court must review White's claims under the "strong presumption that the counsel's conduct falls within the wide range of reasonable professional assistance; that is, [Petitioner] must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 688. Second, White must show that he was prejudiced by counsel's conduct in that there is a "reasonable

*White v. USA*
D.C. CV. NO. 2003-168
Mem. Op. & Order
Page 7

probability" that deficient assistance of counsel affected the outcome of the proceeding at issue. *Id.* at 694-95.

In applying *Strickland*, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. "[T]he court is not engaging in a prophylactic exercise to guarantee each defendant a perfect trial with optimally proficient counsel, but rather to guarantee each defendant a fair trial, with constitutionally competent counsel." *Marshall v. Hendricks*, 307 F.3d 36, 90 (3d Cir. 2002). For this reason, a defendant must "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *U.S. v. Davis*, 306 F.3d 398, 422 (6th Cir. 2002) (citation omitted). White must also show prejudice from his attorney's errors, that is, a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability means a probability "sufficient to undermine confidence in the outcome." *Id.*

**C. White did not have a right to appointed counsel of his choice.**

Petitioner contends that as a component of the right to the effective assistance of counsel, he had a right to counsel of his choice, namely then Federal Public Defender, Pamela L. Wood

*White v. USA*
D.C. CV. NO. 2003-168
Mem. Op. & Order
Page 8

("Attorney Wood"), and the denial of counsel of choice was a "structural error" warranting automatic reversal of his conviction. (Mem. of Law in Support of § 2255 Mot. at 7.)  He further contends that a "conflict of interest was evident from the beginning" between himself and his subsequent Federal Public Defender Patricia Schrader-Cooke ("Attorney Schrader-Cooke"), but he does not elaborate on the nature of that conflict.

>    As the United States Supreme Court states:

>    The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." We have previously held that an element of this right is the right of a defendant ***who does not require appointed counsel*** to choose who will represent him. *See Wheat v. United States,* 486 U.S. 153, 159 (1988). . . . [T]he Sixth Amendment guarantees the defendant the right to be represented by an otherwise qualified attorney whom the defendant can afford to hire, or who is willing to represent the defendant even though he is without funds. *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 624-25 (1989).

*United States v. Gonzales-Lopez*, 548 U.S. 140, 144 (2006) (emphasis added).  Therefore, while Petitioner is guaranteed the right to counsel by the Sixth Amendment, he does not have an absolute right to appointed counsel of his own choosing.  This argument must fail.

**D.   Counsel provided effective pretrial assistance.**

Petitioner alleges that Attorney Schrader-Cooke failed to adequately consult with him prior to trial, and as a result she: 1) did not present any corroborating witnesses; 2) left him without

*White v. USA*
D.C. CV. NO. 2003-168
Mem. Op. & Order
Page 9

an "[e]ffective defense"; and 3) failed to go to the scene of his arrest to locate potential witnesses "who may or could have corroborated the testimony which he was going to present about shots being fired at the car, missing drugs, money and his clothes." (Mem. of Law in Support of § 2255 Mot. at 10.)

At the outset, the court notes that Petitioner took the stand in his own defense at trial. Petitioner does not identify any witnesses (either by name, description, or location) who could have corroborated his testimony, and simply presents vague and conclusory arguments that his own testimony would have been "more credible" if it had "coincided with the testimony of corroborating witnesses." (*Id.*) Rule 4(b) of the Rules Governing Section 2255 Proceedings permits a district court to dispose of "vague and conclusory allegations" in a § 2255 motion without further investigation. The first prong of *Strickland* requires that Petitioner show that, considering the facts of the case, his counsel's challenged actions were unreasonable. *Strickland*, 466 U.S. at 690. This, he has not done. Moreover, aside from bald assertions, Petitioner has not shown any reasonable probability that even if Attorney Schrader-Cooke had found witnesses, that it would have resulted in exculpatory evidence.

**E.  Cross-examination of prosecution witnesses was not ineffective.**

*White v. USA*
D.C. CV. NO. 2003-168
Mem. Op. & Order
Page 10

Petitioner generally argues that Attorney Schrader-Cooke failed to significantly cross-examine witnesses for the prosecution.  Not only does the record belie this argument, but Petitioner has also failed to adequately demonstrate that this was not an objectively reasonable trial strategy.  "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."  *Id*. at 689.  "Because counsel is afforded a wide range within which to make decisions without fear of judicial second-guessing, . . . it is 'only the rare claim of ineffectiveness of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsels performance."'  *Buehl v. Vaughn,* 166 F.3d 163, 169 (3d Cir. 1999) (quoting *United States v. Gray,* 878 F.2d 702, 711 (3d Cir. 1989)).  Based upon the record, this argument also fails.

**F.   Counsel provided effective assistance in presenting issues for review before the Court of Appeals.**

Petitioner argues that Attorney Schrader-Cooke's assistance was ineffective insofar as she only appealed the following issues:

> The Court erred in denying appellant's Rule 29 motion for
> judgment of acquittal where, when the evidence was viewed
> in a light most favorable to the government, it was

*White v. USA*
D.C. CV. NO. 2003-168
Mem. Op. & Order
Page 11

> insufficient [to] prove appellant's guilt (a) as to count
> VI where the government offered no proof to show that
> appellant did not have a license to possess a firearm on
> December 28, 1999, and (b) as to count[s] I, III, IV, and
> VII where the government presented insufficient evidence
> to show appellant's guilt.

(Mem. of Law in Support of § 2255 Mot. at 18.)  For Petitioner to show that his appellate counsel was deficient, he must do more than show that she failed to raise every non-frivolous issue.  Appellate counsel is not obligated to raise all issues, but may pick and choose so as to maximize the chances of a successful appeal.  *Smith v. Robbins,* 528 U.S. 259, 288 (2000)( citing *Jones v. Barnes,* 463 U.S. 745 (1983)).  "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome."  *Gray v. Greer,* 800 F.2d 644, 646 (7th Cir. 1986), *quoted in Smith,* 528 U.S. at 268.  Petitioner fails to make any showing or allegation that the claims raised in his § 2255 motion are any stronger than those that were raised in his unsuccessful appeal.  This Court finds no merit in Petitioner's vague claims that his lawyer was deficient for failing to raise all "appropriate issues" on direct appeal.  (Mem. of Law in Support of § 2255 Mot. at 18.)  The Court finds that Attorney Schrader-Cooke's issues presented on appeal were an objectively reasonable strategy, and Petitioner has failed to satisfy the first prong of *Strickland*.

*White v. USA*
D.C. CV. NO. 2003-168
Mem. Op. & Order
Page 12

Having reviewed the record, the Court finds that Attorney Schrader-Cooke worked competently and effectively in defending Petitioner both at trial and on appeal, and simply cannot find any indication that her assistance was unreasonable or ineffective under the circumstances of this case.  It is incumbent on Petitioner to "overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (internal quotation marks omitted).  Moreover, even if the Court were to find that Attorney Schrader-Cooke's assistance was unreasonable, which it does not, Petitioner would not be able to satisfy the second prong of *Strickland*.  That second prong "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.  Here, the evidence of White's guilt was substantial,[4] and as the Court of Appeals

_____

[4]     The following facts were presented at trial:

Carmen Rodriquez, a customer in America's Bar and Poolroom, testified that she saw two masked men come into the bar and demand money.  The men entered with two guns, a big one and a small one. She said she was scared and threw $15 at the masked robbers.
    Duke Charles, a cab driver who lives next door, approximately fifty feet from the bar, saw two men standing outside the bar at approximately 8:00 p.m. on the night of the robbery.  One man pulled a small black gun from his waist, and the two men then entered the bar.  Charles testified that the two men wore white T-shirts and were not wearing masks when he saw them enter the bar.  He immediately called the police on his cell phone, then ran up stairs to the roof of the building.  He testified that from the roof, he heard voices saying, "This is a hold-up.  Give me the money." Charles also testified that he saw the men leave the bar and walk up the street towards the Tower Apartments.  Shortly thereafter, Charles observed a green car come down the street carrying the same

*White v. USA*
D.C. CV. NO. 2003-168
Mem. Op. & Order
Page 13

stated, "enough for a reasonable juror to find Mr. White guilty

beyond a reasonable doubt." *White*, 36 Fed. Appx. at 505.

**G.   Blakely does not apply retroactively to cases on**

**collateral review.**

Petitioner relies on *Blakely* to argue that his sentence was

based on facts not found by the jury, but as presented in his

Presentence Investigation report. In *Apprendi v. New Jersey,* 530

---

two men that he had observed entering and leaving the bar. Charles
was in constant contact with the Virgin Islands Police Department
from the time of his initial call until he saw the police
approaching. He saw the green car with the two men inside stop at
a stop light before making a left turn and heading in an easterly
direction. Charles conveyed this information to the police and
watched as the police chased the green car with the two men inside.
However, Charles was unable to identify the two robbers in court.
    Virgin Islands Police Officer Alphonso Boyce testified that he
and Officer Conrad Gilkes heard the radio transmission regarding a
robbery in progress and proceeded to the area. Boyce also heard the
subsequent transmission regarding the direction of the green car.
He then saw the car and gave chase.
    The green car eventually crashed into a pole in the area of
the Enid Bea Public Library. Ira Haywood, the driver, and Kevin
White, the passenger, were ordered out of the car. When Haywood got
out, Boyce saw part of a gun fall from Haywood's waist. A search of
the car disclosed the bottom portion of the firearm, a shotgun,
ammunition, a ski mask, gloves, tools and numerous coins. Sandra
Koch, a Federal Bureau of Investigation hair and fiber expert, later
matched hair fiber samples from Haywood with hair fiber found in the
ski mask recovered from the car.
    Virgin Islands Police Detective David Monoson found a shotgun
between the seats of the car Haywood was driving. A firearm frame
and magazine were also found under the driver's seat. Monoson
testified that $15 was found on the dash board of the car, $27 was
removed from blue pants on the pavement outside the car and coins
were found on the driver's side of the car. Monoson further
testified that the serial numbers from the shotgun and handgun had
been obliterated, and that the handgun had been manufactured in
California and the shotgun had been manufactured in Connecticut.
    Virgin Islands Police Detective Warrington Tyson later
measured the distance from America's Bar to the Ulla Muller
Elementary School. That distance was 421 feet, 4 inches. Tyson
testified that he took the measurement from the bar to the entrance
gate of the school.
*See United States v. Haywood*, 363 F.3d 200, 202-03 (3d Cir. 2004).

*White v. USA*
D.C. CV. NO. 2003-168
Mem. Op. & Order
Page 14

U.S. 466, 471, 490 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Then, in *Blakely*, the Supreme Court overturned a sentence imposed under Washington state's sentencing system, explaining that "the relevant statutory maximum is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." *Id.* at 303-04 (internal quotations omitted). Lastly, in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005), the Supreme Court reaffirmed the holding in *Apprendi*, and removed the mandatory nature of the Federal Sentencing Guidelines and made them advisory.

The rules announced in *Apprendi*, *Blakely and Booker,* however, are not applicable retroactively to cases on collateral review. *See generally In re Olopade,* 403 F.3d 159 (3d Cir. 2005) (finding that the decision of the Supreme Court in *United States v. Booker,* 543 U.S. 220 (2005), does not apply retroactively to cases on collateral review); *United States v. Swinton,* 333 F.3d 481 (3d Cir.), *cert. denied,* 540 U.S. 977 (2003) (holding that *Apprendi* does not apply retroactively to cases on collateral review); *In re Turner,* 267 F.3d 225 (3d Cir. 2001) (holding that *Apprendi* does not

*White v. USA*
D.C. CV. NO. 2003-168
Mem. Op. & Order
Page 15

apply retroactively to cases on collateral review).  This argument

likewise, does not afford Petitioner the relief requested.


**III. CONCLUSION**

For the reasons stated, the Court will deny Petitioner's

motion to vacate, set aside, or correct his sentence under 28

U.S.C. § 2255.  An appropriate order follows.

**DATED** this 1 day of May 2009.

**E N T E R:**


**/s/**
_____
**RAYMOND L. FINCH**
**SENIOR DISTRICT JUDGE**

---

**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

---

**KEVIN BENJAMIN WHITE,**      ) **D.C. CV. NO. 2003-168**
        Petitioner,       )
                       ) Ref: CR. NO. 2000-029
           v.           )
                       )
**UNITED STATES OF AMERICA,**   )
        Respondent.     )
_____ )

---

## O R D E R

---

**THE COURT**, having duly considered the premises in the Memorandum Opinion of even date, hereby

**ORDERS** that Petitioner's motion for extension of time to file his memorandum of law in support of his § 2255 motion is **GRANTED** and said memorandum (docket number 9) is accepted as filed; and further

**ORDERED** that Petitioner's Motion to Supplement his § 2255 motion is **GRANTED** and said supplemental filing (docket number 13) is accepted as filed; and further

**ORDERS** that Petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DENIED**; and further

**ORDERS** that other pending motions, if any, are **DENIED** as moot; and further

**ORDERS** that a certificate of appealability shall not be issued; and finally

*White v. USA*
D.C. CV. NO. 2003-168
Mem. Op. & Order
Page 17

**ORDERS** that the Clerk of the Court shall **CLOSE** this file.

**DONE AND SO ORDERED** this 1̲ day of May 2009.

**E N T E R :**

/s/
_____

**RAYMOND L. FINCH**
**SENIOR DISTRICT JUDGE**


**Copies to:**
    Geoffrey W. Barnard, Magistrate Judge
    Kevin White #05408-094, F.C.I. Gilmer, P.O. Box 6000,
        Glenville, WV 26351 (Please Mark: "LEGAL MAIL: OPEN IN PRESENCE
        OF INMATE ONLY")
    United States Attorney